100 So.2d 340

**Williard Spencer BENEFIELD**

v.

**STATE of Alabama.**

6 Div. 245.

Supreme Court of Alabama.

Jan. 23, 1958.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the petition.

Skidmore & Davidson, Tuscaloosa, opposed.

MERRILL, Justice.

Petitioner asserts that "The Court of Appeals erroneously took the position, through inferences drawn from the transcript of the evidence and proceedings had on the motion for new trial, that state's witness E. A. Walton did, in fact, refresh his memory from materials which he had in his possession while testifying on the witness stand when it affirmatively appears by the transcript of the evidence appearing in the record submitted to the Court of Appeals that the finding of the trial court below was that the witness Walton did not use anything to refresh his recollection."

Certainly, the Court of Appeals so found in the following statement:

"Regardless of what memorandum Mr. Walton was using to refresh his memory, we think it should have been exhibited to defense counsel on demand—certainly at the time of Walton's cross examination."

This finding of fact is contrary to that made by the trial court as to whether the witness was using the memoranda, but having been made, we will not disturb it on certiorari. 4 Ala.Dig., Certiorari, ☞68. But, we do disagree with the statement following the quoted portion, supra, which reads:

"Indeed, we deem suspect of using aides-memoir any witness who brings papers or books to the stand."

It is an every day occurrence that witnesses arm themselves with books of account, notations or other papers in preparation for both direct and cross-examination, but often the material is never required nor used. To say that the witness is to be suspected of using aids to his memory, just because they are in his possession when he takes the stand, is disapproved if this is the correct interpretation of the quoted statement.

Writ denied.

LAWSON, SIMPSON and GOODWYN, JJ., concur.