276 So.2d 634

**Jasper Lee COOKS, alias**

v.

**STATE.**

**I Div. 310.**

Court of Criminal Appeals of Alabama.

Feb. 13, 1973.

Rehearing Denied March 20, 1973.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

David L. Barnett, Mobile, for appellant.

HILL, Circuit Judge.

The appellant, Cooks, was convicted of Burglary, 1st Degree and pursuant to jury verdict was duly sentenced to ten years imprisonment.

The State's evidence as to the commission of the offense and the identification of the defendant as the guilty party was given by a Mrs. Robertha Cox who lived alone. At approximately four-thirty o'clock, a. m., on June 28, 1972, she was awakened by a noise and a flick of the light in the living room of her home in Mobile. From her bed she could see someone in her living room. The intruder went

into the kitchen and turned on a light. Upon hearing a "stirring in the drawer" she walked through the living room and toward the kitchen asking "who is in here?" The intruder opened the back door and squatted down near the screen door. She testified she saw and recognized the intruder as the appellant, Jasper Cooks, who lived across the street and whom she had known since he was a baby. The intruder was holding a flashlight. The person told her several times that he was the law. There was no evidence of recognition of him by voice. He then went into a bedroom and Mrs. Cox ran out the front door and screamed for help. Entry had been gained by tearing away a screen nailed to a bathroom window. The burglary occurred during the night, a dark night. The witness testified there were no lights burning in her home, that the kitchen light just "came on and off and that's when I asked who it was," that the house was in the middle of the block and there was a street light at each end of the block. Another light shone from a neighbor's yard at the back of her home. From this light from the outside she could and did recognize and identify the defendant as the intruder from a distance of twelve feet away.

The defendant was arrested by officers later during the night at his place of abode across the street. He was later, while in custody, identified as the guilty party by Mrs. Cox in a lineup procedure. Defense evidence was confined to that of defendant's mother to the effect that defendant lived in a room adjacent to her home, that he came home about 2:00 o'clock, a. m., and did not leave the place after that on the night in question.

It is first contended that certain criminal discovery rights were denied the defendant to his prejudice.

On trial date the defense filed in writing a pretrial motion that the prosecution produce for inspection any statement made by the defendant and any agent of the State of Alabama. Though the record indicates this motion was overruled, the transcript discloses that before any evidence was heard and immediately following an opening statement of instructions by the Court to the jury the following transpired:

"THE COURT: I haven't seen the motion. What is it about?

"MR. BARNETT: We're just asking for any statement that the Defendant may have given.

"MR. CAMPBELL: We have no statement.

"THE COURT: All right. Bring the jury in."

Thus it was certified that there was no statement of the defendant. It is seen that a portion of the pretrial motion, sought for inspection "any statement made by any agent of the State of Alabama." Also, later during the trial and at the conclusion of the direct testimony of the prosecuting witness, Mrs. Cox, the defense sought for inspection "any notes made by any police officer at the scene or during the investigation of this case related to the defendant or any of the defendant's activities." There was no error in the court's denial of either request. The defense was not entitled to a mere fishing expedition. Sanders v. State, 278 Ala. 453, 179 So.2d 35; Smith v. State, 282 Ala. 268, 210 So.2d 826. The material called for in both instances could not in any event be considered admissible evidence. (See Davidson v. State, 48 Ala.App. 446, 265 So.2d 888, wherein the court was dealing only with a pretrial motion for discovery). There was nothing to indicate in either demand that it was made for the purpose of securing material for use in cross examination or impeachment of witnesses. Notes or memorandums personally compiled by law enforcement authorities in the course of their investigation, even if they include notes of conversations with the accused, constitute the work product of the state and are privileged from pretrial discovery. State v.

Superior Court, 106 N.H. 228, 208 A.2d 832, 7 A.L.R.3d 1, and Annotation thereto.

■ A statement, memoranda, or notes, not read by the witness interviewed and not signed or authenticated by the witness cannot be considered evidence. Mabry v. State, 40 Ala.App. 129, 110 So.2d 250. In this case, Harwood, J., writing for the court quoted with approval:

"Perhaps the answer is best summarized in a statement by Cardozo, C. J., in People ex rel. Lemon v. Supreme Court of State of New York, 245 N.Y. 24, 156 N.E. 84, 85, 52 A.L.R. 200, wherein he observed:

"'Documents are not the subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves.'"

Judge (now Justice) Harwood then stated:

"Clearly, the mere memoranda sought in this case, made by investigators during the course of an interview, not read by the witness interviewed, and not signed or adopted by them in any way cannot be considered evidence."

However, a more serious question is presented in that Mr. Barnett, defense attorney, at the conclusion of the direct testimony of the prosecuting witness (homeowner) orally moved the court "for the production of any statement made by the witness to any police officer during the investigation of the case." The defense attorney stated to the Court: "All I'm asking for is any statement that this lady made to any police officer or any notes he made regarding her statement in the investigation of this case. If this is denied, the defendant is denied his effective right of cross examining this witness and he is denied his right to learn any information that is contradictory to what the witness states here on the witness stand."

The Court overruled the oral motion saying: "I will repeat the ruling I made on your written motion. I will only grant your motion to the extent of requiring the State to furnish you with any evidence that the State has knowledge of that would tend to exonerate the defendant." No such statement was produced. There is nothing in the record to indicate that the State used any statement of the witness in questioning the witness on the stand nor is there any indication of the existence of any such statement.

In this connection it is of interest to note the definition of "statement" in a statute, 18 U.S.C.A. § 3500, enacted for the federal courts in September, 1957, in which it is declared that "statement" means: "a written statement made by said witness and signed or otherwise adopted or approved by him." See discussion in the *Mabry* case, supra. The Supreme Court of the United States subsequently in 1959 in applying this statute restricted documents which must be produced only to "those statements which could properly be called the witness' own words." Palermo v. United States (1959), 360 U.S. 343, 79 S. Ct. 1217, 3 L.Ed.2d 1287. This statute was enacted following the decision in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, which held that it was no longer incumbent upon the defendant to first lay a predicate of inconsistency between the previous statement of the witness and his testimony on trial as a condition precedent to production of the prior statement. The *Jencks* decision, however, was not predicated upon constitutional provisions but was one reached upon the basis of the "standards for the administration of criminal justice in the federal courts." *Mabry* case, supra. The liberality of this decision for the defense in the *Jencks* case apparently prompted the enactment of 18 U.S.C.A. § 3500 which restrictively defined the word "statement" and provided such statement would not be subject to subpoena, discovery or inspection until the witness had testified on direct examination.

See the excellent article "The Right of the Defendant to Discovery in Criminal Prosecutions" by L. Drew Redden in 22 The Alabama Lawyer 115.

 The first requisite necessary to secure for inspection production of a "statement" of a witness for use on cross examination of the witness is that the statement must be one in writing prepared by him or prepared by another at his instance and signed by him or otherwise authenticated by him. In the instant case there was nothing to indicate by query of the witness by the defense or otherwise that the witness had given to any officer a written statement signed or authenticated by her. There was not laid in the evidence any showing that any statement made by the witness to officers before trial differed in any respect from statements made to the jury during trial. See Bellew v. State of Mississippi, 238 Miss. 734, 106 So.2d 146, cited with approval in the *Mabry* case, supra. Neither was there any such showing of inconsistency in testimony given by the witness at a preliminary hearing previously held and the testimony given by her on the trial before the jury. There is no showing that the statement requested, if any, was of such nature that without it the defendant's trial would be fundamentally unfair. The production for inspection of any such statement as above defined lies within the sound discretion of the court and we find no abuse of that discretion in the ruling here made. See Annotation, Right of Defendant in Criminal Case to Inspection of Statement of Prosecution's Witness for Purpose of Cross Examination or Impeachment, 7 A.L.R.3d, pp. 181, 217, 219, 213 citing the Mabry case, supra, and the authorities therein noted.

 We heartily recommend the in camera procedure set out in Palermo v. United States, 360 U.S. 343, at p. 354, 79 S.Ct. 1217, 3 L.Ed.2d 1287, i. e., when it is doubtful whether there exists a "statement" as defined in this opinion, then the trial judge should confer with counsel, the defendant being present, apart from the jury to reach a determination as to the existence of any such alleged statement. The proceedings should be taken by the official court reporter to be made as part of the record.

Defense counsel next asserts error in that soon after direct examination began of the state's witness, Officer White, who had in his possession on the witness stand a police officer's file of some 10 to 20 pages containing an offense report made up as a direct result of taking field notes, he orally moved the court that he be allowed to see and inspect the file. This followed just after testimony was received from the officer as to his official position, experience and other preliminary matters including the address of the home allegedly burglarized. The Court determined that the witness had used the report on the witness stand only to refresh his recollection as to this street address, and ruled this portion open to inspection but denied the defense the right to inspect anything else in the file. The file was thereupon removed and was not again used by the witness on the witness stand. The witness' testimony concerned only facts surrounding defendant's arrest, and contained nothing as regards identification of the defendant as the guilty party.

 While it is true that a court's refusal to permit defense counsel to see and examine a memorandum used by the witness on the stand to refresh his memory constitutes reversible error, (McMurtrey v. State, 44 Ala.App. 658, 219 So.2d 414; Henry v. State, 46 Ala.App. 175, 239 So.2d 318) yet the rule is subject to reason and the whole of the record convinces us that there was no error in this ruling of the Court. See State v. Moore (1956), Ohio Com.Pl., 139 N.E.2d 381, wherein the court held there was no error in refusing to per-

mit defense counsel to inspect certain notes held by a prosecution witness while he was testifying at the trial, where it appeared that the witness had intended at the start to use the notes to refresh his recollection, but that the witness, apparently believing that he was not given any permission to use them, had not used the notes during his testimony. The Court noted that opposing counsel has the right to inspect and use, for cross-examination purposes, papers or memoranda used by a witness on the stand to refresh his memory but that where it does not appear that the witness is actually using a statement for the purpose of refreshing his memory and such statement does not tend to refresh his memory, opposing counsel is not entitled to inspect and use the statement. Also, see People v. Gallardo (1953) 41 Cal.2d 57, 257 P.2d 29; People v. Williams, (1954) 123 Cal.App.2d 226, 266 P.2d 599. The *McMurtrey* and *Henry* cases above cited, and the case of Benefield v. State, 39 Ala.App. 302, 100 So.2d 334, relied upon by the defense are distinguishable on their facts from the present case.[1]

There were a number of exceptions by defense counsel to the state's argument to the jury. Examination discloses that in each instance the argument was within the bounds of legitimate argument and no error here appears.

We have searched the record under Code 1940, T. 15, § 389 and find no reversible error. The judgment is affirmed.

The foregoing opinion was prepared by Hon. Robert M. Hill, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

Affirmed.

All the Judges concur.

1. See Merrill, J., in Benefield v. State, 267 Ala. 78, 100 So.2d 340, disapproving certain language in the Court of Appeal's opinion.