We granted certiorari to review the question whether or when the defendant in a *Page 1141 
criminal case is entitled to inspection of a statement of a prosecution witness for the purpose of cross-examining or impeaching the witness.
Specifically involved are statements authenticated by rape victims.
The Court of Criminal Appeals, 415 So.2d 1131, found that "[t]hese statements were not used by the victims to refresh their recollections while they were on the witness stand," and concluded that "[t]he trial court correctly ruled that defense counsel was not entitled to inspect and use the statements." The court cited Cooks v. State, 50 Ala. App. 49, 276 So.2d 634,cert. denied, 290 Ala. 363, 276 So.2d 640 (1973), and Slinkerv. State, 344 So.2d 1264 (Ala.Cr.App. 1977), in support of its conclusion.
We reverse and remand with directions.
The facts of the case are sufficiently stated in the opinion of the Court of Criminal Appeals, and we do not need to restate them in order to decide the question posed, except to state that petitioner was convicted of the rape of two young women, and he defended against the charges on the ground that the two victims had consented.
The discovery question was presented on the first day of the trial when defense counsel inquired of the prosecutrixes if they had made a statement to the police about the facts of the case. Both had.[1] *Page 1142 
Petitioner contends that the documents here involved are not the State's "work product," and he asks this Court to look at the language in Cooks v. State, 50 Ala. App. 49, 276 So.2d 634,cert. denied, 290 Ala. 363, 276 So.2d 640 (1973), wherein the Court of Criminal Appeals stated:
 The first requisite necessary to secure for inspection production of a "statement" of a witness for use on cross examination of the witness is that the statement must be one in writing prepared by him or prepared by another at his instance and signed by him or otherwise authenticated by him. In the instant case there was nothing to indicate by query of the witness by the defense or otherwise that the witness had given to any officer a written statement signed or authenticated by her. There was not laid in the evidence any showing that any statement made by the witness to officers before trial differed in any respect from statements made to the jury during trial. See Bellew v. State of Mississippi, 238 Miss. 734, 106 So.2d 146, cited with approval in the Mabry [v. State, 40 Ala. App. 129, 110 So.2d 250] case, supra. Neither was there any such showing of inconsistency in testimony given by the witness at a preliminary hearing previously held and the testimony given by her on the trial before the jury. There is no showing that the statement requested, if any, was of such nature that without it the defendant's trial would be fundamentally unfair. The production for inspection of any such statement as above defined lies within the sound discretion of the court and we find no abuse of that discretion in the ruling here made. See Annotation, Right of Defendant in Criminal Case to Inspection of Statement of Prosecution's Witness for Purpose of Cross Examination or Impeachment, 7 A.L.R.3d, pp. 181, 217, 219, 213 citing the Mabry case, supra, and the authorities therein noted.
 We heartily recommend the in camera procedure set out in Palermo v. United States, 360 U.S. 343, at p. 354, 79 S.Ct. 1217 [at p. 1225], 3 L.Ed.2d 1287, i.e., when it is doubtful whether there exists a "statement" as defined in this opinion, then the trial judge should confer with counsel, the defendant being present, apart from the jury to reach a determination as to the existence of any such alleged statement. The proceedings should be taken by the official court reporter to be made as part of the record.
The State, in its brief, characterizes the documents sought to be produced as a "police officer's memorandum," which was a part of the State's "work product."
In order to decide the controlling question, we must analyze the nature of the statements and the applicable law governing the discovery of such statements.
As we understand the law, whether production of a particular document can be *Page 1143 
compelled depends on (1) the nature of the document, that is, whether it is the witness's own words, and, (2) the time when production is sought, that is, before trial, or during the trial after the witness has testified.
The "statements" in this case were in writing, and each witness testified that they signed the statements, thereby authenticating them; therefore, we conclude that the statements were in the "witness's own words," as those terms are used in the cases. Palermo v. United States, 360 U.S. 343,79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959).
As to whether the defendant in a criminal case is entitled to inspect a prosecution witness's statement for purposes of cross-examination or impeachment after the witness has testified on direct examination, the state courts are divided. Anno. Discovery — Impeachment of Witness, 7 A.L.R.3d 181.
Insofar as we can determine this Court has not squarely held that where a prosecution witness has testified on direct examination in the trial of the case, the defendant is not entitled to inspection of a prior statement of the witness for the purpose of cross-examining or impeaching him. The Court of Criminal Appeals has addressed the question in Gillogly v.State, 55 Ala. App. 230, 314 So.2d 304 (1975), a case involving a fact situation which is strikingly similar to the fact situation here presented.
In Gillogly, the prosecution's main witness was an accomplice of the accused. During the cross-examination of that witness, the following occurred:
 Q * * * Have you ever signed a statement as to what you have just testified?
A Yes sir.
Q You have?
A Yes.
Q And who was the Officer that copied it down?
 A I don't know. I don't remember who copied it down. Some lady.
Q Some lady? And when was this?
A This was awhile back.
Q Uh huh. How long ago?
A I don't remember the date.
 Q Well, how long ago? You said some while back. Two months ago, three months ago, what month was it?
A It was in January.
 Q In January. So, in January your conscience told you to testify in this case, is that right?
A Yes, sir.
 Q Yes, sir. And not when you got the subpoena like you just told this jury?
 A You asked me did I — when did I decide to — I said my conscience told me to do it all along. I decided to do it when this subpoena came. In other words, what I am saying is my final decision is in.
 Q All right. At the time you gave a statement in January, tell us the names of the law enforcement officers that were there?
A Ralph Jordan.
Q Uh huh.
A Obie Singletary; one of the Florida men.
Q One of the Florida men?
A The D.A., Mr. Graddick.
Q Uh huh. And whom else?
A And Captain Kater Williams.
Q And do you have a copy of that statement?
A Do I have a copy of it?
Q Yes, sir.
A No, sir.
 MR. MARSAL: All right. Now, I now ask the Court to ask the district attorney's office to furnish me with a copy of that statement.
 MR. GRADDICK: Judge, I object to it. It's a Court's investigation. It's privileged communication between the police *Page 1144 
officer and the district attorney; it's part of our work product, and it may involve some other crime that may have been committed in the investigation, and no proper predicate has been laid in order to produce that statement.
 MR. MARSAL: If the Court pleases, it's elementary that I have a copy of any statement that any witness has made.
In Gillogly, the Court of Criminal Appeals found that it was error for the trial court to have denied the defendant's motion, citing Husch v. State, 211 Ala. 274, 100 So. 321
(1924), Strange v. State, 43 Ala. App. 599, 197 So.2d 437
(1966), and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963). This Court denied certiorari. Ex parteState (In re: State v. Gillogly), 294 Ala. 200, 314 So.2d 306
(1976).
We conclude that the rule adopted in Gillogly is probably the majority rule. 7 A.L.R.3d 181.
The State, in its brief, in effect, claims Gillogly is wrong and cites Thigpen v. State, 355 So.2d 392 (Ala.Cr.App.), aff'd,355 So.2d 400 (Ala. 1977), a death case, for the proposition that the trial court did not err in not requiring the State to produce the prior statements of the two prosecution witnesses. In Thigpen, however, the motion by the defendant to require the prosecution to produce the statements was made prior to trial
and the request in Thigpen was much broader, in that the defendant asked for the statements of any and all witnesses taken by the investigative authorities. The rule stated inThigpen is consistent with the general rule that an accused is not entitled to discover statements of government witnesses before trial.[2]
The rule of discovery is different where a prosecution witness has testified on direct examination in the trial of the case.
In such cases, the defendant, upon laying a proper predicate, is entitled to have the Court, at least, conduct an in camera
inspection as outlined in Palermo v. United States,360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The trial court could determine initially (1) whether the statement made by the witness before trial differed in any respects from statements made to the jury during trial, and (2) whether the statement requested was of such a nature that without it the defendant's trial would be fundamentally unfair. Cooks, supra.
The production for inspection of any statement, of course, would lie within the sound discretion of the trial judge.
In the instant case, it is apparent that the trial court did not follow the guidelines suggested in Cooks, supra; therefore, the cause should be remanded to the trial court for further proceedings.
Because the Court of Criminal Appeals has concluded, as a matter of law, that the defendant was not entitled to inspect the statements, the judgment of that court is due to be reversed, but that court is not ordered to reverse the conviction and remand the cause to the trial court for a new trial. We deem an alternate procedure would comport with due process of law.
We direct the Court of Criminal Appeals to remand the cause to the trial court for the purpose of conducting a hearing as suggested in Palermo v. United States to determine whether the statements made by the witnesses before trial differed in any *Page 1145 
respect from the statements made by the witnesses to the jury during the trial and, whether the statements requested were of such a nature that without them the defendant's trial was fundamentally unfair.
The Court of Criminal Appeals shall direct the trial court to have a court reporter transcribe the proceedings which are held to make the determination above ordered. The Court of Criminal Appeals shall direct the trial court, if it finds that the defendant was entitled to inspect and use the statements, to order a new trial. The Court of Criminal Appeals shall direct the trial court, if it finds adverse to the defendant, to direct the clerk of the trial court to forward a record of its proceedings to the Court of Criminal Appeals to allow the Court of Criminal Appeals to review the discretion exercised by the trial court.
REVERSED AND REMANDED, WITH DIRECTIONS.
All the Justices concur.
[1] For a better understanding of the facts, we have gone to the record to determine how the issue was raised and the predicate laid by the defendant. The following is shown in the record:
Q Did you make a statement to the police at the time?
A Yes, I believe so.
Q Did they write it out?
A They were writing a bunch of things down.
Q Okay. Did you read over that statement?
A I signed some statements later on at the hospital.
Q At the hospital that night?
A I believe so.
Q Who gave you those statements?
A It was either Mrs. Wainright or Mr. Tillman.
 Q One of the police officers? Was it one of the police officers you were talking to at Mr. Loper's house?
A I don't remember who gave me the statement.
Q Was it a police officer?
A Yes.
Q Did you read it over?
A Yes.
Q Did you sign it?
A Yes.
 MR. HARRISON: Your Honor, we would ask for a copy of that statement.
 MR. COPELAND: Judge, we have got a hard enough time without giving him our work product. He hasn't filed a motion for discovery or anything.
 THE COURT: Let me excuse the jury. Ladies and gentlemen — excuse me. Gentlemen of the jury would you just help yourself to the jury room. We have got — it would be a good time to take a break. The court reporter has been at it now for about an hour. He needs to take a break. I will hold the court in recess until — I have got five minutes difference between my clock and that one. Be back in the jury box at ten minutes to three. I have twenty minutes `til three by my watch. Don't discuss the case, please.
 MR. HARRISON: Your Honor, we are going to have some more questions of this witness.
 THE COURT: Don't talk to any of the jurors but you can step outside.
 (Whereupon the following proceedings were had and done outside the presence of the jury:)
 THE COURT: Alright, there is a motion before the Court for the State to produce a statement from the prosecutrix that was signed by the prosecutrix shortly after the complaint was made. What says the State?
 MR. COPELAND: If Your Honor please, discovery is a discretionary right with the court. He doesn't have any right to obtain it. He has filed no motion for discovery or production. The witness has not used it to refresh her recollection on the stand. To my knowledge she has not looked at it since I have been involved with her in this case. No, strike that. The first time I talked to her I did let her look at it approximately a month ago. I know she hasn't seen it since then. She did not use it to refresh her recollection on the stand. I don't think he is entitled to it. I have got a tough enough hold to row [sic] without giving him my work product.
 THE COURT: Being tough enough is not a legal argument. Go ahead.
MR. HARRISON: Your Honor, as to any matter —
 THE COURT: What is your authority for being entitled to that?
 MR. HARRISON: Your Honor, as for the purpose of impeachment. The whole thing — she made a statement to the police, she read over the statement, she signed that statement, she said this is what happened. The State just testified this event occurred almost a year ago and she re-read that statement merely a month ago. Now, as to what point in time a party has to be to refresh their memory before they go to trial, that is a very questionable item. I am certainly not entitled to the statement as a matter of course before the trial but once the person testifies under oath, I believe I am entitled to see it.
 THE COURT: The State didn't go into anything about a statement or any excerpts therefrom on direct examination. I will deny the motion.
Likewise, during the testimony of the second prosecutrix the following was had:
 Q Alright. Later on that night, did you give a more detailed statement?
A Yes sir.
Q Alright. To a police officer?
A Yes sir, to a Mrs. Wainright.
Q Did she write it down?
A Yes sir.
Q Did you read it over?
A Yes sir.
Q Did you sign that statement?
A Yes sir.
 MR. HARRISON: Your Honor, we move to have that statement produced.
MR. COPELAND: The same objection.
THE COURT: Denied.
[2] Proposed Alabama Rules of Criminal Procedure, Rule 16.1 (f), follows the general rule regarding pre-trial discovery. It provides:
 Information Not Discoverable. Except as otherwise provided in this rule, the discovery or inspection of reports, memoranda, or other internal state documents made by the district attorney, his agent, or by law enforcement agents in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses to agents of the state is not authorized.