The defendant was indicted and convicted for the unlawful sale or disposition of cocaine. Alabama Code 1975, Section20-2-70 (a). Sentence was eight years' imprisonment.
The only issue raised on appeal is the defendant's argument that he was "entitled to have copies of any statements or notes of testimony made before the Grand Jury by a State's witness after the witness testified on direct examination." The portion of the record upon which this argument is based is found in defense counsel's cross examination of State's witness B.J. Alexander.
"Q. Did you testify before the Grand Jury?
"A. I don't remember. To be honest with you, I don't.
 "MR. BONE (Defense Counsel): Do we have Grand Jury notes on B.J. Alexander?
 "MR. MARTIN (Assistant District Attorney): I don't know. That's secret, Your Honor. He doesn't have any right to show any Grand Jury notes.
 "MR. BONE: We have the right to question him from any statements he's made previously, including any statements he made before the Grand Jury.
 "MR. MARTIN: No, sir. Anything that transpires in the Grand Jury by law is secret and it has to be sworn that he won't divulge it.
"THE COURT: Mr. Bone knows that.
 "MR. BONE: We are asking at this time for the Court to direct Mr. Martin to allow us access to any previous statements, testimony of any kind, anywhere, that this police officer has made.
 "THE COURT: As far as Grand Jury is concerned, I deny your motion.
"MR. BONE: All right, sir."
In Pate v. State, 415 So.2d 1140 (Ala. 1981), our Supreme Court held:
 "(T)he general rule (is) that an accused is not entitled to discover statements of government witnesses before trial.
 "The rule of discovery is different where a prosecution witness has testified on direct examination in the trial of the case.
 "In such cases, the defendant, UPON LAYING A PROPER PREDICATE, is entitled to have the Court, at least, conduct an in camera inspection as outlined in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The trial court could determine initially (1) whether the statement made by the witness before trial differed in any respects from statements made to the jury during trial, and (2) whether the statement requested was of such a nature that without it the defendant's trial would be fundamentally unfair. Cooks [v. State], supra (50 Ala. App. 49, 276 So.2d 634, cert. denied [McGullion v. State], 290 Ala. 363, 276 So.2d 640 (1973))." (emphasis added)
"While a witness may always be impeached by showing that he has made a contradictory statement as to material matters before the grand jury, the inquiry must be limited to contradictions and not corroborations." Mullins v. State, 31 Ala. App. 571,573, 19 So.2d 845 (1945). "It is, of course, well established by the authorities that a witness may be impeached and discredited by showing prior statements in conflict with his sworn testimony given at the trial. . . . This includes his testimony before the grand jury if the inquiry is limited to contradictions." Adams v. State, 33 Ala. App. 136, 140,31 So.2d 99, cert. denied, 249 Ala. 294, 31 So.2d 105 (1947). Smith v.State, 183 Ala. 10, 26, 62 So. 864 (1913); Wyatt v. State,35 Ala. App. 147, 157, 46 So.2d 837, cert. denied, 254 Ala. 74,46 So.2d 847 (1950); Riley v. State, 21 Ala. App. 655, 656,111 So. 649, reversed on other grounds, 216 Ala. 536, 114 So. 12
(1927). "(F)or impeachment of a witness, . . . a grand juror may be required to disclose the testimony of any witness examined by that body." State ex rel. Baxley v. Strawbridge,52 Ala. App. 685, 687, 296 So.2d 779, cert. denied, 292 Ala. 506,296 So.2d 784 (1974); Davis v. State, 30 Ala. App. 562,10 So.2d 35 (1942); Alabama Code 1975, Section 12-16-201. "The fact that the alleged contradictory statement was made before a grand jury in no way excepts it from the general rule that a witness may be cross examined as to prior *Page 270 
statements made by him contradictory to statements made in his testimony in the pending trial." Williams v. State, 32 Ala. App. 597,601, 28 So.2d 731 (1947); Bryson v. State, 38 Ala. App. 517,520, 84 So.2d 782, affirmed, 264 Ala. 111, 84 So.2d 785
(1956).
The majority rule appears to be that "where a prosecution witness has testified on direct examination in the trial of the case, the defendant, upon laying a proper foundation if required, may be permitted to inspect the transcript of the grand jury testimony of such prosecution witness for the purpose of cross examining or impeaching him." Anno. 20 A.L.R.3d 7, 104 (1968). In line with this, "(o)ur appellate courts have held that the trial court is not put in error if it does not allow the inspection and use of grand jury notes until the State has used them to test recollection, to impeach or unless contradiction is shown." Stroud v. State, 56 Ala. App. 692,695, 325 So.2d 200, cert. quashed, 295 Ala. 424,325 So.2d 204 (1975).
 "While the matter is within the sound discretion of the trial court, and the proper predicate for impeachment must be laid, the general rule is that a witness may be discredited, or impeached, as to testimony given on the trial by inconsistent testimony given by him before the grand jury which found the indictment; as to material matters; the inquiry has been required to be limited to contradictions and not corroborations." 98 C.J.S. Witnesses Section 594 (c) (1957). (emphasis added)
"Where the impeaching written evidence consists of testimony before a grand jury, the required foundation is to be laid by showing or reading it to the witness or allowing him to read it, by calling his attention to such testimony, although not to particular statements alleged to be contained therein, by inquiring whether or not he made the statements, and by affording an opportunity for explanation." 98 C.J.S. Witnesses Section 604 (a).
It is a clear and fundamental rule that before a witness may be impeached by extrinsic evidence, "the impeaching party must lay a proper predicate by asking the party being impeached whether he made such statement, specifying with reasonable certainty the time when, the place where, the person to whom such supposed statement was made and the substance of such statement." C. Gamble, McElroy's Alabama Evidence, Section 157.01 et seq. (3rd ed. 1977). Bryson, 38 Ala. App. at 520,84 So.2d 782.
Before a defendant is allowed to inspect a transcript of a State's witness who testified before the grand jury or before a trial judge should conduct an in camera inspection of such testimony, see Palermo and Pate, supra, the defendant should at least and at a very minimum make some offer of proof (1) that the matters contained in the witness' grand jury testimony were relevant to the subject matter of the prosecution; (2) and that there exists an inconsistency between grand jury testimony and trial testimony. Unless defense counsel is merely going on a fishing expedition, he will have some information as to the particular inconsistency in the defendant's testimony. In this case no such showing was made and the existence of any inconsistency between the witness' trial and grand jury testimony was never even alleged. Cooks, supra. Also, there was no showing that the witness' grand jury testimony, if available, was "of such nature that without it the defendant's trial would be fundamentally unfair." Cooks, 50 Ala. App. at 54,276 So.2d 634. See also Husch v. State, 211 Ala. 274, 276,100 So. 321 (1924) ("Moreover, if the solicitor had had such a statement in his possession, defendant could have required its production by a rule of the court if he thought it was favorable to him.")
In laying the proper predicate for examination of a witness' grand jury testimony, it should also be established that the witness testified before the grand jury and that such testimony was recorded or reduced to writing, unless a grand juror will be called to disclose the testimony of the witness. Alabama Code 1975, Section 12-16-201.
 "When the defendant, in effect, asks for the State District Attorney to produce a document, he should at least establish that this State official has such document or a copy thereof in his possession before the trial court will be put in error." *Page 271 Strange v. State, 43 Ala. App. 599, 606, 197 So.2d 437, cert. dismissed, 280 Ala. 718, 197 So.2d 447
(1966).
Once the defendant has laid a proper predicate for the impeachment of a witness who testified before the grand jury, the trial judge should conduct an in camera inspection as outlined in Palermo, supra, and Pate, supra, to determine (1) whether the statement made by the witness before the grand jury "differed in any respects from statements made to the jury during trial", Pate, supra, and (2) whether the grand jury testimony requested by the defendant "was of such a nature that without it the defendant's trial would be fundamentally unfair." Pate, supra. This procedure will best preserve and protect the legislative determination that "it is essential to the fair and impartial administration of justice that all grand jury proceedings be secret and that the secrecy of such proceedings remain inviolate." Alabama Code 1975, Sections12-16-214 through 226.
The defendant has been represented at trial and on appeal by experienced and extremely competent counsel. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.