BOWEN, Presiding Judge.
William Jerome Franks, the appellant, was charged with first degree burglary in one indictment and with first degree sodomy and first degree rape in a second indictment. The indictments were consolidated for trial, and he was found guilty of all charges. Under each indictment, he was sentenced as a habitual offender and given life without parole. Two issues are raised on appeal.
I
Franks alleges that the trial judge erred and abused his discretion in denying defense counsel “access to the prior written statement of the prosecutrix for use in her cross-examination in a rape ease, where the statement contained evidence exculpatory in nature.” Franks argues that “the prosecution neatly avoided bringing out any statements which (the prosecutrix) had given in her prior written statement which were exculpatory in nature.”
The day of the crime, the victim gave a typewritten and signed statement to Montgomery Police Officer R.S. Grimsley. On direct examination, the prosecutrix neither used nor made any reference to that statement. On cross examination, defense counsel determined that she had given a written statement and requested a copy “for purposes of cross examination.”
*1080 Pursuant to the procedure outlined in Pate v. State, 415 So.2d 1140 (Ala.1981), the trial judge examined the statement in camera. Finding that there was not “anything contradictory in it”, the judge refused the request for production but informed defense counsel that “if something else comes out on your cross examination which makes the production necessary, I will do it at that time.” Defense counsel argues on appeal that the victim’s statement should have been produced because it contained exculpatory evidence which the prosecution did not elicit during its direct examination of the prosecutrix. That evidence and its significance are that in her statement the prosecutrix identifies her assailant as having “a little braid of hair near his ear”, when Franks did not have any braids when he appeared in the lineup later that same day. Also in her statement the victim stated that “(o)n one of his hands it looked like where he had some sores and it left little scars”, when defense counsel contends (but never proved) that Franks had no such sores or scars on his arms or wrists.
Under Pate, where a prosecution witness has given a statement prior to trial and has testified on direct examination in the trial of a case, the accused, “upon laying a proper predicate, is entitled to have the Court, at least, conduct an in camera inspection” and “determine initially (1) whether the statement made by the witness before trial differed in any respects from statements made to the jury during trial, and (2) whether the statement requested was of such a nature that without it the defendant’s trial would be fundamentally unfair.” Pate, 415 So.2d at 1144.
On appeal, defense counsel admits that at trial he knew of these two particular remarks made by the prosecutrix in her statement due to his own “fortuitous” and “lucky” investigation. His knowledge of the victim’s statement is obvious in his cross examination.
When questioned by defense counsel, the prosecutrix admitted that she told the police that her assailant “had a little-short braid of some kind on the side of his — * * * a braid or something on the side of his head like a little-piglet braid.” In her statement, the prosecutrix never indicated that the braid was hanging down over his ear. She admitted that Franks had no braids in the photograph of the lineup.
With regard to the scars, on cross examination the prosecutrix testified that her assailant had “rough scaly hands as if something was there” and that he had “marks on his hands as if from old scars or from — I don’t remember exactly how I worded it.”
We find no error in the trial judge’s refusal to allow defense counsel to inspect a copy of the statement of the prosecutrix for purposes of cross examination. Deep v. State, 414 So.2d 141 (Ala.Cr.App.1982). The statement made by the victim before trial did not differ in any significant respect from her testimony before the jury. We have compared the victim’s statement with her trial testimony and find no notable differences or distinctions. Defense counsel’s characterizations of the victim’s statements are not completely accurate. Moreover, we find that the refusal to produce the victim’s statement did not render Franks’ trial fundamentally unfair. Counsel actually knew of the victim’s statement and, regardless of how he gained that information, he used it at trial in cross examining the victim. If anything, the statement would have benefited the prosecution by showing exactly what the victim said and that she never said exactly what defense counsel attributed to her at trial.
Although Officer Grimsley testified at trial, on cross examination defense counsel made no inquiry into what the victim told the officer in her statement. We also note that the record does not show that defense counsel made any attempt to subpoena the individual from whom he learned that the victim had given a statement. In conclusion, we find no abuse of the trial judge’s discretion in the denial of the request to examine the statement of the prosecutrix.
*1081 II
Franks also argues that the trial judge erred in refusing to allow him to display his hands and wrists to the jury and in refusing to require the prosecutrix to indicate the scars and sores she observed on her assailant’s hands at the time of the assault.
On cross examination of the victim, defense counsel asked “that the defendant be allowed to approach the jury railing and demonstrate his arms.” The trial judge denied that request at that time: “l will not do that at this time, but I will allow you to do it at another time.” The judge stated that he thought that allowing the victim to indicate the sears on Franks’ hands was “outside the permissible perimeters of cross examination. But I will allow you (defense counsel) an opportunity to present me some authority that I could do that.” Defense counsel pursued neither matter, and, although a defense was presented, did not make another request to allow Franks to display his hands to the jury. In this posture, Franks has no valid ground to complain.
The evidence against Franks was overwhelming. The prosecutrix was positive and unwavering in her identification of Franks as her assailant. Scientific examination and analysis of blood and saliva samples revealed that Franks could have committed the crimes. Before the assault, the victim’s telephone cord and power had been cut off. Franks’ fingerprint was found on the power box outside the house. The knife which the victim identified as the one Franks used during the assault was found in a chair in a neighbor’s house where Franks had been sitting on the morning after the attack. So comprehensive is the State’s evidence of guilt that a very convincing argument can be made that, even if Franks’ arguments had merit and error were committed, that error was only harmless.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.