Travis Welch pled guilty to two separate offenses of the unlawful breaking and entering of a vehicle in violation of Alabama Code 1975, § 13A-8-11. Sentence was a two-year concurrent sentence in each case.
On appeal, the only contention is that Welch was "denied a full and fair appellate review due to the lack of a complete transcript of the proceedings at his sentence and probation hearing."
The sentence and probation hearing was reported. Contained in the record of that proceeding is the notation "(OFF THE RECORD DISCUSSION)." Appellate counsel states that "the Court's off the *Page 300 
record discussion contains testimony which is invaluable to the defendant for the preparation of his appeal in the case." There is no allegation of the substance of this testimony. An appellant "bears the burden of bringing the record before an appellate court. He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record." Harris v. State, 420 So.2d 812, 816
(Ala.Cr.App. 1982) (citations omitted). This is not the situation where there was no court reporter present. White v.State, 403 So.2d 287 (Ala.Cr.App.), cert. denied, Ex parteWhite, 403 So.2d 292 (Ala. 1981). Rule 10 (f), Alabama Rules of Appellate Procedure, "specifically authorizes the correction of an omission from the record." Pope v. State, 387 So.2d 300, 301
(Ala.Cr.App. 1980). See also Weaver v. State, 401 So.2d 344
(Ala.Cr.App. 1981). Since this rule has not been invoked to supply the complained of omission, there is nothing for this Court to review.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 802