*3
On Return To Remand

PATTERSON, Judge.
Appellant, George Wayne Williams, appealed the summary denial of his petition for writ of error coram nobis, 478 So.2d 1. We determined that his petition was facially meritorious and remanded the case to the trial court with directions that a hearing be held. The hearing was held on January 4, 1985, and due return thereof has been made to this court.
In 1981 appellant was convicted of robbery in the second degree and was sentenced as a habitual offender to life imprisonment. Appellant contends that two of the three prior convictions used to enhance punishment were invalid for enhancement purposes. It is argued that cases designated as 9871 and 9872 were guilty pleas in which appellant was not represented by counsel. At the hearing appellant’s primary evidence was his testimony that he appeared before Judge Crossland and pleaded guilty after making a deal with the district attorney. Appellant testified that his counsel, Mr. Ben Pool, had not arrived and was not present in court when the pleas were accepted.
Documents were introduced into evidence which appear to be properly executed Ireland forms dated May 24,1974, the date the guilty pleas were entered, regarding cases 9871 and 9872. These forms purport to be signed by appellant, Mr. Pool, and Judge Crossland. Appellant denied that he signed the forms. We note that the signatures appearing on the Ireland forms bear an amazing resemblance to appellant’s signature which appears on various documents filed by him with this court.
The State introduced evidence consisting of certified copies of the judgment entries for cases 9871 and 9872. These documents show that “the defendant and his attorney” were both physically present in court when the pleas were accepted. Appellant maintains that these documents were not “minute entries,” and therefore not proper evidence of prior convictions. We do not agree with appellant’s argument in this regard.
As we noted in directing that a hearing be held on this petition, the burden of proof is on appellant “to sustain the facts averred in his petition.” Bennett v. State, 432 So.2d 27, 28 (Ala.Crim.App. 1983). Appellant has not carried his burden of proof to sustain his contention.
It is clearly the law that “uncoun-seled prior convictions cannot be used to enhance punishment.” Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Ladd v. State, 431 So.2d 579, 580 (Ala.Crim.App.1983). Introduction of the certified judgment entries constituted proper proof of appellant’s prior convictions. Hamm v. State, 439 So.2d 829 (Ala.Crim.App.1983); Livingston v. State, 419 So.2d 270 (Ala.Crim.App.1982); Pinkard v. State, 405 So.2d 411 (Ala.Crim.App.1981); Thatch v. State, 397 So.2d 246 (Ala.Crim.App.1981); McGhee v. State, 333 So.2d 865 (Ala.Crim.App.1976). See also Lowery v. State, *4 453 So.2d 8 (Ala.Crim.App.1984). These documents show, in two separate places, that appellant was represented by counsel when the guilty pleas were accepted. It was not necessary that the judgment entries contain the name of the defense counsel, as contended by appellant. Minor v. State, 437 So.2d 651, 657 (Ala.Crim.App.1983). The Ireland forms further corroborate the fact that appellant was represented by counsel when the guilty pleas were entered. The State, therefore, sufficiently established appellant’s prior convictions by legally competent evidence.
The burden was on appellant to prove that he was not represented by counsel in cases 9871 and 9872. See Tate v. State, 435 So.2d 190 (Ala.Crim.App.1983); Ladd v. State, 431 So.2d 579 (Ala.Crim.App.1983). The parties stipulated that Mr. Pool would testify that he did not remember whether he was in court on the date of appellant’s guilty plea. We note that Mr. Pool did not say he was not in court, only that he could not remember. Appellant’s testimony that he was unrepresented in cases 9871 and 9872 constitutes the only evidence in support of his contention. “Appellant’s testimony merely presented a disputed question of fact to be determined by the trial judge by a preponderance of the evidence.” Tate v. State, 435 So.2d 190, 195 (Ala.Crim.App.1983); A.R.Crim.P. Temp. 6. The trial judge obviously resolved this factual dispute in opposition to appellant’s claim. There was sufficient evidence upon which the trial judge could determine that appellant was represented by counsel in cases 9871 and 9872 at the time of the taking of the guilty pleas. These prior convictions were, therefore, properly used for enhancement purposes. There was no error in denying appellant’s petition for writ of error coram nobis.
For the foregoing reasons this case is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.