Mack Montgomery, Jr. was charged in a seven-count indictment with attempted murder in violation of § 13A-4-2, Code of Alabama 1975, two counts of first degree rape in violation of §13A-6-61, Code of Alabama 1975, also first degree kidnapping in violation of § 13A-6-43, Code of Alabama, 1975, and first degree burglary in violation of § 13A-7-5, Code of Alabama 1975, also first degree robbery in violation of § 13A-8-41, Code of Alabama 1975 and first degree criminal mischief in violation of § 13A-7-21, Code of Alabama 1975. The jury found the appellant guilty of counts one through six, and not guilty of count seven. He was sentenced as a Habitual Felony Offender to "life imprisonment without parole" on each count.
The victim, a 73-year-old widow who had known the appellant since he was a child, positively identified this appellant as the perpetrator of the offenses for which he was convicted. Her testimony, detailing the events which lead to this appellant's arrest, was thoroughly corroborated by several State's witnesses.
The evidence tended to show that the victim was awakened from her sleep by an *Page 372 
intruder in her home in Atmore, Alabama in September, 1985. She attempted to scare the intruder away by firing her pistol. The intruder, identified by the victim as being this appellant, then grabbed the gun away and asked for money. The appellant then grabbed the victim's purse and started going through it. He then raped the victim. The appellant then forced the victim outside and into her car and drove to Robinsonville where he parked the car and raped the victim again.
The appellant told the victim to lie down on the ground, shot her twice in the head and then left in her automobile. The victim crawled toward a street light for help. She was discovered by Willard Posey and his wife, who called the police and an ambulance.
 I
The appellant contends that the State failed to give him notice prior to his sentence hearing of the prior convictions upon which his sentence was based, pursuant to Rule 6(b)(3)(ii), A.Temp.R.Crim.P. and § 13A-5-9, Code of Alabama 1975. He requests that we remand this case to the circuit court for resentencing.
Although the appellant claims that he did not receive notice, the record reveals that a "Notice of Prior Convictions"was filed in the clerk's office on November 21, 1985 and the certificate of service was mailed to the appellant and hisappointed attorney on November 22, 1985. (R. 184-186). The sentence hearing was held immediately following the appellant's conviction on March 18, 1986.
The appellant's retained counsel argues that it was impossible for him to have received the notice since he did not file an appearance in the case until December 11, 1985. We find this argument unpersuasive. Certainly notice was available to the appellant; at the very least, appellant's retained counsel may be presumed to be aware of that which is part of the court's record. We believe that the appellant was afforded the reasonable notice and opportunity to be heard as contemplated within the statute. See Holley v. State, 397 So.2d 211
(Ala.Crim.App.), cert. denied, 397 So.2d 217 (Ala. 1981) (quotingOyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446
(1962)).
 II
The appellant contends that the State failed to prove that the appellant was represented by counsel or had waived counsel with respect to the previous convictions. He argues that, since the record on appeal excludes the exhibits used by the State to prove the prior convictions, there is nothing to establish that the appellant was represented by counsel and, therefore, the prior convictions should not be used.
We note that it is the appellant's responsibility to provide a complete record on appeal. See Welch v. State, 455 So.2d 299
(Ala.Crim.App. 1984). His argument based on the exclusion of the exhibits from the record is misplaced.
In addition, we note that the defendant bears the burden of presenting evidence of lack of representation. Appellant failed to meet his burden in this respect. Meadows v. State,473 So.2d 582 (Ala.Crim.App. 1985). He also did not object to the introduction of the prior convictions on these grounds. SeeFisher v. State, 439 So.2d 176 (Ala.Crim.App. 1983).
Moreover, the appellant's contention is not supported by the record. The reporter's transcript reveals that the exhibits offered were certified minute entries which reflected that the appellant was, indeed, represented by an attorney with respect to the prior convictions. (R. 186) It is well-settled that this is a proper method for proving prior convictions under the Habitual Felony Offender Statute. See Williams v. State,478 So.2d 2 (Ala.Crim.App. 1985); Lowery v. State, 452 So.2d 897
(Ala.Crim.App. 1984). We find no merit in the appellant's contention. See also Jones v. State, 431 So.2d 1367
(Ala.Crim.App. 1983).
 III
The appellant contends that the trial court erred in denying his motion for mistrial *Page 373 
on the grounds that the State failed to provide the appellant with a copy of the victim's statement that was given to the police before the trial. The appellant contends that the statement should have been produced by the State pursuant to the standard discovery order granted by the court.
The appellant relies on Ex Parte Pate, 415 So.2d 1140 (Ala. 1981), in support of his argument that he was entitled to examine any statements made by the victim once she hadtestified at trial so that he could properly cross-examine the victim.
In Pate, this court stated that "where a prosecution witness has testified on direct examination in the trial of the case. . . . the defendant, upon laying a proper predicate, is entitled to have the Court, at least, conduct an in camera inspection as outlined in Palermo v. United States, 360 U.S. 343,79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959)." (emphasis added). Pate, supra at 1144.
Although the appellant did not lay a proper predicate as required by Pate, the trial judge nevertheless conducted a hearing on the matter and determined that the appellant was not entitled to production of the statement. (R. 109).
The production for inspection of the statement lies within the sound discretion of the trial judge. Pate, supra. In light of the complete lack of evidence indicating that the statement of the victim was crucial to her thorough cross-examination, and the appellant's failure to include the transcript of the hearing within the record, we do not consider it necessary to review the trial court's decision. See Welch, supra.
Furthermore, even had the trial judge's ruling, with respect to the production of the statement, been erroneous, we cannot conclude in view of the overwhelming evidence against the appellant in this case that the failure to produce it would have resulted in substantial prejudice to this appellant. Rule 45, A.R.A.P.
We have reviewed the evidence presented by the State and find it more than sufficient. For the above stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.