TAYLOR, Judge.
The appellant, Jessie James Gray, was convicted of burglary in the second degree and theft of property in the second degree in violation of §§ 13A-7-6(b), 13A-8-4, Code of Alabama 1975. He was sentenced to concurrent fifteen-year sentences.
On December 29, 1985, the appellant broke into a Montgomery residence in the middle of the night. He entered a woman’s bedroom but when she told him to leave, he left and went into another room. The woman did not give any alarm at that time, but when she got up at about 5:00 a.m., she discovered that a color television set and a cable converter box were missing. She called the police. In the kitchen she noticed that a window screen had been cut and that a bench had been placed next to the wall under the window.
I
The appellant argues that the May 1985 grand jury was without authority or jurisdiction to indict him because the February 1985 grand jury had returned a no-bill on the same charge. The appellant correctly states that this is a novel question in Alabama and urges this court to accept his *787 position that following the earlier no-bill, the May 1985 indictment is void. We have held that reindictments are common and constitutionally allowed. Loper v. State, 469 So.2d 707 (Ala.Cr.App.1985). However, our research indicates that the constitutionality of the issuance of an indictment after the grand jury has returned a no-bill is a new question for Alabama courts.
“It is the longstanding federal rule that resubmissions are permitted, without court approval, even when the prosecutor presents no additional evidence to the grand jury. [See United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333 (1920); United States v. Halper, 470 F.Supp. 103 (S.D.N.Y.1979) ].”
W. LaFavre, Criminal Procedure, § 15.2(b), p. 287 (1984).
Some states require judicial approval for resubmissions by virtue of statutes.
“Today, such provisions are less common, though they are still found in several states. [See, e.g., N.Y. — McKinney’s Crim.P. Law § 190.75; Pa.R.Crim.P. 217; Nev.Rev.Stat. 172.55]”
W. LaFavre, § 15.2(b) at 287-88.
Our legislature has not addressed this issue. We now adopt the federal rule and hold that resubmissions to the grand jury are valid without judicial approval. We further rule that an indictment after such resubmission is valid, even though no additional evidence is presented. We find, therefore, that the May 1985 grand jury lawfully indicted the appellant on the same charge for which an earlier grand jury returned a no bill.
II
Appellant alleges that the grand jury and trial jury which indicted and convicted him were drawn from a master jury list which was unconstitutionally formulated. Appellant argues that since the jury list is limited to registered voters, it excludes otherwise qualified persons.
The appellant did not object to the makeup of the master jury list until a month and a half after his plea of not guilty. This objection, therefore, came too late. Sanders v. State, 426 So.2d 497 (Ala.Cr.App.1982). A plea to the merits is an admission of a valid indictment and a waiver of the right to plead to it. Stringer v. State, 372 So.2d 378 (Ala.Cr.App.1975).
Neither has the appellant in this case met his burden in
“showing that the jury selection process systematically and arbitrarily excluded a cognizable class from jury service.... United States v. Arlt, 567 F.2d 1295 (5th Cir.1978); Durden v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).”
Sanders, supra, at 502-03. This court held in Sanders that the compilation of Tuscaloosa County’s jury list, using only the county’s voter registration list, was not constitutionally or statutorily impermissible. The same process is, of course, constitutional and lawful in Montgomery County.
III
Appellant argues that the trial court erred in receiving into evidence a certified copy of a prior conviction in Ohio. The appellant argues that since the certified copy of his conviction did not contain his Social Security number or his driver’s license number, the state failed to prove his identity. Appellant objects to the introduction of this certified copy on this ground only. No such requirements as these exist. See, McBride v. State, 480 So.2d 619 (Ala.Cr.App.1985). Scott v. State, 460 So.2d 1364 (Ala.Cr.App.), rev’d on other grounds, 460 So.2d 1371 (Ala), on remand, 460 So.2d 1375 (Ala.Cr.App), appeal after remand, 460 So.2d 1376 (Ala.1984), which set forth the Alabama requirements. The trial court did not err in its admission of the certified copy of the conviction into evidence.
IV
The appellant argues that the state failed to make out a prima facie case upon the ground that the convictions for burglary and for theft were based on circumstantial evidence. The short resolution to this contention is, of course, that convictions may be based exclusively on circumstantial *788 evidence. The standard to be applied is, viewing the evidence in the light most favorable to the prosecution, whether the “jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.” Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). In this case there was evidence that the house was locked and the appellant was not permitted entry. He was seen by the residents early in the morning, a few hours before they noticed the items were missing and that the screen was cut off the window so as to permit entry. The evidence was sufficient to send the case to the jury. The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.