Claude Edward Bogan was convicted for the capital murder of Rhonda J. Moten in violation of Alabama Code 1975, §13A-5-40(a)(13). The trial court sentenced Bogan to life imprisonment without the possibility of parole, rejecting the jury's recommendation that punishment be fixed at death. On this appeal from that conviction seven issues are raised.
 I
The prosecutor was properly allowed to cross-examine Bogan about the fact that, after his arrest, Bogan did not tell the police that he shot the victim in self-defense. Because Bogan voluntarily waived his Miranda rights and made a statement, the prosecutor's questions did not constitute improper comment on Bogan's post-arrest silence. Bradley v. State, 494 So.2d 750,767 (Ala.Cr.App. 1985), affirmed, Ex parte Bradley,494 So.2d 772 (Ala. 1986). See Anderson v. Charles, 447 U.S. 404,100 S.Ct. 2180, 65 L.Ed.2d 222 (1980).
Moreover, any error in the admission of this testimony was harmless. Rule 45, A.R.A.P. In the State's case in chief, and prior to the time when Bogan took the witness stand, police officers testified on four separate occasions without objection that Bogan made no claim of self-defense in his statements made in this custody.
 II
Bogan's confessions while in police custody and his spontaneous admission of guilt were properly admitted into evidence. Although there was evidence that he was intoxicated when he made these statements, there was no evidence that "his reason was so far dethroned that he was unable to understand the effect of what he was saying or to give a true account of his actions with respect to the alleged crime." C. Gamble,McElroy's Alabama Evidence § 200.14(2) (3d ed. 1977). Bogan did not testify at the hearing on the motion to suppress. At trial, he stated that when he got to police headquarters, he "had had a drink but . . . wasn't drunk."
The trial court properly ruled that "any evidence of alcohol may go to the credibility of the statement" but not its admissibility. McElroy, supra.
 III
Bogan argues that the indictment should have been dismissed because the master jury list of Montgomery County, from which the grand jury was drawn, was composed solely of those persons registered to vote. This Court rejected this argument inGray v. State, 522 So.2d 786 (Ala.Cr.App. 1987). See also Bui v.State [Ms. 3 Div. 557, April 12, 1988] (Ala.Cr.App. 1988).
Additionally, this issue was initially raised only after Bogan had been arraigned and entered a plea of not guilty to the indictment. Therefore, the objection has been waived. Rule 16.2(c), A.R.Cr.P. (Temp.).
 IV
Bogan argues that the trial court erred in not ordering the State to furnish him with a copy of Investigator J.W. Barnes' report before he began his cross-examination of Officer Barnes. *Page 1031 
The trial judge responded to Bogan's request for the complete report by stating, "The only thing I'm saying is they don't have to turn over their whole file, but I've already ordered them to turn over any portion of their file that contained a rendition of any oral statements made and I've also ordered them to give to you any part that says the circumstances thereof." The trial judge examined the report and ordered portions of it produced for the defendant. The general rule is that "the defendant shall not be permitted to discover or inspect reports, . . . made by . . . law enforcement agents, in connection with the investigation or prosecution of the case." Rule 18.1(c)(1), A.R.Cr.P. (Temp.).
 "The rule of discovery is different where a prosecution witness has testified on direct examination in the trial of the case.
 "In such cases, the defendant, upon laying a proper predicate, is entitled to have the Court, at least, conduct an in camera inspection as outlined in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The trial court could determine initially (1) whether the statement made by the witness before trial differed in any respects from statements made to the jury during trial, and (2) whether the statement requested was of such a nature that without it the defendant's trial would be fundamentally unfair. Cooks [v. State, 50 Ala. App. 49, 276 So.2d 634, cert. denied, 290 Ala. 363, 276 So.2d 640 (1973)].
 "The production for inspection of any statement, of course, would lie within the sound discretion of the trial judge." Ex parte Pate, 415 So.2d 1140, 1144 (Ala. 1981).
The record reflects that the trial judge, in effect and substance, followed the procedure set out in Pate. We find no abuse of discretion.
 V
Bogan also argues that the State, in violation of the trial court's order of discovery, failed to provide him with a copy of the acknowledgement of rights form. The record is particularly confusing with regard to this issue. However, it does appear that Bogan was provided with a copy of the rights form.
In preparing to appeal his conviction, Bogan filed a request to supplement the record. At the hearing held on this motion, defense counsel stated, "I don't think there was anything that the District Attorney should have disclosed that he didn't disclose."
Additionally, Bogan has failed to demonstrate either that he was prejudiced by the State's tardy disclosure or that timely and complete disclosure would have affected the outcome of the trial. Barrow v. State, 494 So.2d 834, 836 (Ala.Cr.App. 1986). There was no showing that any tardy disclosure or alleged suppression of evidence undermined confidence in the outcome of the trial. Mason v. City of Vestavia Hills, 518 So.2d 221, 226
(Ala.Cr.App. 1987).
 VI
Bogan argues that the trial court erred in denying eight of his requested charges.
"No party may assign as error the court's . . . failing to give a written instruction, . . . unless he objects thereto . . ., stating the matter to which he objects and the grounds of his objection." Rule 14, A.R. Cr.P. (Temp.). See Matkins v.State, 497 So.2d 201, 202 (Ala. 1986); Kyser v. State,513 So.2d 68, 71-72 (Ala.Cr.App. 1987). Counsel's objection to the refusal of his requested charges ("we take exception to on the grounds they are fair and accurate statements of the law") does not satisfy the requirement that a party "state with particularitythe grounds of their objection." Matkins, 497 So.2d at 203. Additionally, most of the principles of the eight requested charges were fairly and substantially covered in the oral charge of the trial court. "Under Alabama Code 1975, §12-16-13, a trial court does not commit error in refusing to give a requested charge where the import and intent of the requested charge are 'substantially and fairly' covered in its given charge even though the actual language of the requested *Page 1032 
charge is not employed in the oral charge." Harris v. State,513 So.2d 79, 83 (Ala.Cr.App. 1987). Some of the charges contained correct statements of law but were either misleading and confusing or simply not applicable to and supported by the facts of this case. "Statements of law in judicial opinions are not always proper for jury instructions in other cases. . . . Lifting language from an opinion and embodying it in a written charge does not of itself make it a correct instruction to the jury." Knight v. State, 273 Ala. 480, 490, 142 So.2d 899, 909
(1962) (citation omitted).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.