On June 23, 1983, William Jerome Franks was convicted of first-degree rape, first-degree sodomy, and first-degree burglary. On July 13, 1983, the trial court sentenced him, as a habitual offender, to life imprisonment without the possibility of parole. Franks appealed, and the Court of Criminal Appeals affirmed his sentences and convictions. Franksv. State, 453 So.2d 1078 (Ala.Crim.App. 1984). Franks filed three petitions for postconviction relief. The circuit court denied the three petitions, and the Court of Criminal Appeals affirmed the first two denials. Franks v. State, 655 So.2d 57 (Ala.Crim.App. 1994) (table);Franks v. State, 511 So.2d 274 (Ala.Crim.App. 1987).[1] On August 23, 2000, Franks filed this, Franks's fourth, Rule 32, Ala.R.Crim.P., petition, which the circuit court summarily dismissed. This appeal followed.
Franks raises only one ground on appeal. Franks asserts that he was incorrectly sentenced as a habitual felony offender because the State did not provide properly certified copies of his prior convictions. However, the failure to object in the trial court to the State's method of proving prior convictions precludes further consideration of that issue on direct appeal. Nichols v. State, 629 So.2d 51, 57-58 (Ala.Crim.App. 1993). Because this issue is waivable on appeal, it does not involve depriving the trial court of its jurisdiction; thus, this issue is not jurisdictional. Nichols, 629 So.2d at 57 (a procedural requirement can be waived by defendant's failure to object; a jurisdictional matter is not subject to waiver). *Page 108 
Because this issue is not jurisdictional, Franks is procedurally barred by the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P., from asserting this claim. Furthermore, Franks's claim is precluded because he could have raised it at his sentencing hearing in the trial court or on appeal, but did not. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. See Robinsonv. State, 629 So.2d 1, 3 (Ala. 1993) (the petitioner's claim that the State did not give him notice of intent to proceed under the Habitual Felony Offender Act was not a proper ground for Rule 32 relief because the petitioner failed to raise that claim on direct appeal). See also Exparte Thomas, 549 So.2d 95 (Ala. 1989) (Rule 32 petition asserting a claim of improper enhancement under the HFOA was not meritorious because such an issue is properly raised on direct appeal, rather than in a Rule 32 petition).
For the above-stated reasons, the trial court's dismissal of Franks's fourth Rule 32 petition is due to be affirmed.
AFFIRMED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] Franks claims that this court also affirmed the denial of his third petition, but we have no record thereof.