BOWEN, Presiding Judge.
Johnson was indicted and convicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. He was sentenced as an habitual offender to thirty years’ imprisonment. Three issues are presented on appeal.
I
Johnson argues that the trial court erred by denying his motion to produce a copy of any and all statements he made to the police. The trial court granted this motion and ordered the District Attorney to produce the following items to the defense:
*245 “(1) All statements of the Defendant which are reduced to writing and signed or otherwise adopted by the Defendant;
(2) All statements of the Defendant which are electronically recorded or taped, and any transcript thereof;
(3) The substance of any oral statements made by the Defendant which are not included within (1) and (2) hereof;
(4) Any and all evidence tending to exculpate the guilt of the Defendant.”
The record also reveals that prior to trial the following occurred:
“MISS PERRY [Defense Counsel]: Judge we want to file a motion on the record to compel the District Attorney to produce to me a statement or a copy of the statement that my client made. The statement has been reduced to writing, it’s incriminatory, it is also Brady material, and I think we have a right to it and we would like a copy of it right now, especially if they are going to introduce—
“THE COURT: We don’t need all that speech.
“If you’ve got a statement from him, give it to her.
“MR. BEEBE [Assistant District Attorney]: What I have, and she knows this, she came to my office a week ago, I have a police report that has a whole bunch of things in it, including a statement, oral statement, made by the Defendant. David Vaughn gave her a copy of it at one time.
“MISS PERRY: He did not, Judge. I checked my records—
“MR. BEEBE: Excuse me. I let you talk, Linda. But, in any event, I read her out loud that portion of the police report that contained his statement and gave her ample opportunity to take notes or whatever she wanted to do. Now, I don’t have any objection, as a rule, Judge, to turning everything over, but in this particular case—
“THE COURT: Did you read to her the statement in question?
“MR. BEEBE: Yes, sir.
“THE COURT: How long ago?
“MR. BEEBE: Thursday, it was in my office, Thursday.
“MISS PERRY: Judge, it was not Thursday, it was about a week ago.
“MR. BEEBE: When was it, David? You were there.
“MR. VAUGHN [Witness]: It was last week.
“THE COURT: Well, that’s good enough then.
“MISS PERRY: Judge, it’s reduced to writing.
“THE COURT: So what?
“MISS PERRY: I can’t remember — he didn’t give me a—
“THE COURT: You’re not entitled to his — you’re not entitled to the rest of the report. If he gave you what you’re entitled to, there’s no reason to object.
“MISS PERRY: Judge, I have seen the statement months ago. Predominately it was a statement more than anything else and it was incriminatory and at the same time it was exculpatory.
“THE COURT: Well, if you saw it months ago and had it read to you a week ago, why should you be asking me again?
“MISS PERRY: Just because that statement is going to be introduced at trial—
“THE COURT: The answer is denied. What else?
“MISS PERRY: Judge, if I can’t get a copy of the statement, am I — would you instruct the D.A. to read the statement to me once again? I had no opportunity to take any notes of the statement or to transcribe it myself. I’d like a chance to transcribe the statement myself if he reads it to me.
“THE COURT: Well, why didn’t you do this a month ago, why didn’t you do this last week?
“MISS PERRY: Judge, I didn’t have time in his office. He was a busy man. He told me that day.
“THE COURT: Well, before he uses any statement, I’ll have him read it to you first. All right, what else do you want?
*246 “MISS PERRY: Okay, Judge, I’ve got a motion to suppress the statement.
“THE COURT: Come on, let’s go.
“MR. BEEBE: David is going to be my police officer.
(Witness sworn.)
“MR. BEEBE: Judge, can we just put in the record, to make things simple, I’ll give her a copy of the statement. I think you know me well enough to know that generally I believe in total open file discovery. In this particular situation it’s got all kinds of other things in there, but—
“THE COURT: You don’t have to give the other things.
“MR. BEEBE: My main problem is I’ve got things highlighted and circled and underlined and everything and I didn’t want to give her my copy.
“THE COURT: You don’t have to.”
It is undisputed that the statement was not a verbatim account of Johnson’s conversation with Corporal Vaughn and was neither signed nor authenticated by Johnson. Corporal Vaughn testified that immediately after Johnson gave the oral statement, he [Vaughn] paraphrased and typed it. Under these circumstances, the State complied with subsection (3) of the trial court’s order on the motion to produce. Compare, Rule 18.1(a)(2), Ala.R. Crim.P.Temp. (effective April 1, 1984).
Johnson also contends that the court erred by overruling his request for a copy of the statement for use during cross examination of Corporal Vaughn since he read from the statement on the stand. During the pretrial hearing on the motion to suppress, defense counsel made the following objection during the State’s direct examination of Corporal Vaughn:
“MISS PERRY: Judge, he’s reading from that paper. I’d like to see it before he reads from it.
“THE COURT: We’ve already established that you’ve seen it twice. Overruled.”
At this hearing Vaughn read the entire statement into evidence. Next, during Vaughn’s trial testimony, defense counsel interjected:
“MISS PERRY: Judge, I still have yet to receive a copy of the statement or to have it read to me today. I’m objecting to any testimony about the statement since I haven’t seen it and I have not read — they have not read it over with me, as they said they would, and give me an opportunity to take notes, at least.
“MR. BEEBE: I believe he’s [sic] testified to the statement.
“THE COURT: Go ahead. Anything else?
“MISS PERRY: That’s it, Judge.
“THE COURT: Overruled.”
“When a witness, testifying on direct examination, uses a writing to refresh his recollection, the party against whom the witness is called has the right, no later than upon cross-examination, to inspect the writing on demand.” C. Gamble, McElroy’s Alabama Evidence § 116.02(7) (3rd ed. 1977). In the case before us, it is clear that defense counsel had previously been made aware of the contents of Johnson’s statement; only the time that the statement was read to her was in dispute. The trial judge observed that counsel had “seen it twice.” Defense counsel cross examined Vaughn about the statement at the hearing on the motion to suppress. Under these circumstances, we cannot find reversible error in failing to allow counsel to inspect the statement during the testimony of Corporal Vaughn. As this Court stated in Cooks v. State, 50 Ala.App. 49, 276 So.2d 634, cert. denied, 290 Ala. 363, 276 So.2d 640 (1973):
“While it is true that a court’s refusal to permit defense counsel to see and examine a memorandum used by the witness on the stand to refresh his memory constitutes reversible error, yet the rule is subject to reason and the whole of the record convinces us that there was no error in this ruling of the Court.” 50 Ala.App. at 54, 276 So.2d at 639 (citations omitted).
*247 ii
Johnson claims that the indictment was so unclear that it did not sufficiently apprise him of what he was called upon to defend. In pertinent part, the indictment charges that Johnson “did in the course of committing a theft of cigarettes, the specific denomination(s) of said currency being unknown to the Grand Jury, of the approximate aggregate value of one hundred eighty four dollars ($184.00), ...” (Emphasis added.) Johnson maintains that the reference to the theft of cigarettes followed by the statement that the “specific denomination of said currency ” was unknown left him uncertain whether he was charged with a theft of cigarettes, or a theft of money.
While the language of the indictment is faulty, the objectionable portion is immaterial in a charge of robbery. “The present robbery statutes ... do not require a ‘taking’ of property, Marvin v. State, 407 So.2d 576 (Ala.Cr.App.1981); Alabama Code §§ 13A-8-40 through 13A-8-44 (1975) (Commentary), so that not only is the value of the property immaterial, but also the indictment need not allege an actual theft to constitute the offense.” Grace v. State, 431 So.2d 1331, 1333 (Ala.Cr.App.1982).
Furthermore, the allegation that the specific denomination of the currency was unknown to the Grand Jury is surplusage. See Ware v. State, 12 Ala.App. 101, 67 So. 763 (1914). “As long as the remaining portions of the indictment validly charge a crime, the existence of surplusage in the indictment will not affect the validity of a conviction.” Johnson v. State, 405 So.2d 149, 153 (Ala.Cr.App.1981). The remainder of the indictment, omitting the surplusage, clearly charges a robbery during the course of committing a theft of cigarettes. In our judgment, Johnson was sufficiently informed of the charge against him and was not harmed by the unnecessary averment.
Ill
Johnson maintains that the court erroneously refused several of his written requested charges. A review of the record indicates, however, that he did not timely object to the court’s refusal to give the charges. See Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), affirmed, 414 So.2d 993 (Ala.1982).
At the conclusion of the court’s oral charge, the jury retired with instructions “not [to] start any actual deliberations.” Only then did defense counsel tender her written requested charges to the trial judge. The court informed counsel that it considered the charges to have been filed late, but stated that he would “call the jury back in and give three of them, but only three.” There was no objection to the court’s refusal to give the remainder of the charges. The court then read the three charges and told the jury, “Here is the form of verdict. Start deliberating it.” (Emphasis added.) The following exchange then occurred:
“(At 3:47 p.m. the jury retired to commence deliberations.)
“MISS PERRY: For the record—
“THE COURT: Go ahead.
“MISS PERRY: Okay, for the record, I am going to take exception and I am going to object to your refusal to give my requested charges number—
' “THE COURT: All of them, whatever all of them are.
“MISS PERRY: Did you mark them refused?
“THE COURT: Oh, yes, they will have my name on them.
“MISS PERRY: Okay, we note our objection and our exceptions.”
Rule 14, Ala.R.Crim.P.Temp., provides that “[n]o party may assign as error the court’s giving or failing to give a written instruction ... unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” (Emphasis added.) Here, while the court excused counsel’s lateness in tendering the charges and gave three of them anyway, counsel’s objection to the failure to give the *248 rest was untimely since the jury had already retired to consider its verdict.
The judgment of the Mobile Circuit Court is affirmed.
AFFIRMED.
All Judges concur.