539 So.2d 451 (1988)
Charles Willie ROGERS
v.
STATE.
2 Div. 661.
Court of Criminal Appeals of Alabama.
December 30, 1988.
John A. McBrayer, Birmingham, for appellant.
Don Siegelman, Atty. Gen. and Bryant G. Speed II, Asst. Atty. Gen., for appellee.
*452 TYSON, Judge.
Charles Willie Rogers was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant "guilty of rape in the second degree." The appellant was sentenced to ten years' imprisonment in the state penitentiary.
The appellant does not challenge the sufficiency of the evidence. Thus, the facts will be briefly stated.
On August 2, 1987, the appellant forced the prosecutrix, his 14-year-old daughter, into his bedroom. The appellant had sexual intercourse with the prosecutrix against her will.
The prosecutrix's brother walked into the bedroom and saw the appellant on top of the prosecutrix.

I
The appellant contends that the trial judge erred by allowing testimony of the prosecutrix's brother, a minor, to testify.
Mariane Moody, the prosecutrix's brother's special education teacher, testified that he was "borderline mentally retarded." In her opinion the prosecutrix's brother had the mental capacity to understand that he was in a courtroom and he had to tell the truth.
Jane Bowick, the prosecutrix's brother's school teacher, stated that he knew "the difference between the truth and a lie." Also the prosecutrix's brother had the mental capacity to understand that he was in a court of law.
Prior to the prosecutrix's brother testifying, the trial judge asked him the following questions:
"Q. Do you ever go to Sunday School?
"A. Sometimes.
"Q. And what do they teach you when you go to Sunday School?
"A. Nothing much. They don't teach me much.
"Q. Sir?
"A. They don't teach me much.
"Q. That's what some folks say about me, too. What about do they teach you about what happens to you if you behave or if you don't behave? Does anybody ever talk to you about what happens to you if you tell the truth or if you don't tell the truth?
"A. Yeah.
"Q. Have they ever talked to you about when folks behave and do what's right they go to heaven and if they don't they don't go to heaven?
"A. Yeah.
"Q. You understand that?
"A. Yeah.
"Q. What's your feeling about that? Do you have a feeling about it one way or the other?
"A. Some.
"Q. Sir? Do you know what it means if you don't tell the truth? What do you call that if somebody tells something that is not the truth.
"A. A lie.
"Q. Do you know what that means? You understand it?
"A. Yeah.
"Q. What happens to somebody if they don't tell the truth, if they tell a lie?
"A. They go to the devil.
"Q. Do you believe that?
"A. Yeah.
"Q. What do you think a person should do?
"A. Behave.
"Q. You think they should behave?
"A. Yeah.
"Q. Okay. And if they don't tell the truth and if they don't behave, you said you think they'll have a problem with the devil. If they do behave and if they do tell the truth, do you think there's a reward for that?
"A. I don't know.
"Q. Sir?
"A. I don't know about that.
"Q. Well, has anybody talked to you about going to heaven?
"A. Only at church.
"Q. Okay. Only at church. I think that's good enough. Will you raise your right hand for me, please, sir?" (R. 93-95).
*453 Section 12-21-165(b), Code of Alabama 1975 provides as follows: "The court must, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness or infancy."
"Whether a child is qualified to take a witness' oath is a matter that is lodged necessarily in the discretion of the trial court because, among other things, the trial court has the opportunity of observing the manner and appearance of the child while being examined, an opportunity which the appellate court does not have."
C. Gamble, McElroy's Alabama Evidence § 94.02(3) (3d ed.1977) (footnote omitted).
After the trial judge's examination of the prosecutrix's brother, he was declared competent to testify. We find no abuse of his discretion in this ruling. Roberson v. State, 384 So.2d 864 (Ala.Crim.App.), cert. denied, 384 So.2d 868 (Ala.1980).
The appellant further argues that the comment by the trial judge, "I think that's good enough" was a comment on the character of this witness. (R. 95). This contention is clearly without merit. It is obvious that the trial judge was stating that the witness was competent to testify. Therefore, no error occurred.

II
The appellant alleges that the trial judge should have granted his motion to quash the indictment because it was duplicitous.
The appellant's indictment stated that the appellant "did engage in sexual intercourse with ... [the prosecutrix], a female, who being less than sixteen years of age, but more than twelve years of age, the said Charles Willie Rogers being sixteen years of age or older, and at least two years older than ... [the prosecutrix], by forceable compulsion, in violation of Section 13A-6-61 of the Code of Alabama." (R. 216)
A duplicitous indictment is when one count of an indictment charges a defendant with two or more separate offenses. United States v. Chrane, 529 F.2d 1236, 1237 n. 3 (5th Cir.1976).
"We have often held that unnecessary averments in an indictment do not impair its validity, although they may hold the prosecution to the proof of them. McDaniel v. State, 20 Ala.App. 407, 410, 102 So. 788 (1924), cert. denied, 212 Ala. 415, 102 So. 791 (1925); Fitzgerald v. State, 53 Ala.App. 663, 303 So.2d 162 (1974).
"As long as the remaining portions of the indictment validly charge a crime, the existence of surplusage in the indictment will not effect the validity of a conviction. United States v. Hyde, 448 F.2d 815, 839, (5th Cir.1971), cert. denied, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972)."
Johnson v. State, 405 So.2d 149, 153 (Ala. Crim.App.1981).
Language in the appellant's indictment about the prosecutrix's age and the appellant's age is surplusage and did not prejudice the appellant. Clearly, the appellant was on notice as to the nature of the crime with which he was charged.
Reading the indictment as a whole, the appellant was charged with rape in the first degree. Thus, we conclude that the appellant was sufficiently informed of the nature of the charge against him.
Furthermore, defense counsel did not object to the indictment until after the State rested.
"Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pre-trial motion." A.R.Crim.P. (Temp) 16.2.
Thus, any objection the appellant had to the indictment was waived when counsel did not object to this alleged defect prior to trial.

III
The appellant asserts that the indictment failed to charge an offense.
In Copeland we find the following:

*454 "Alabama Code 1975, § 15-8-25, provides how facts constituting the offense must be charged:
"`An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.'
"`The words used in the indictment must be construed in their usual acceptation in common language, except words and phrases defined by law, which must be construed according to the legal meanings.' § 15-8-5. The terms `sexual intercourse' and `forcible compulsion' are defined by statute. § 13A-6-60(1) and (8).
"`An indictment is sufficient which substantially follows the language of the statute, provided the statute prescribes with definiteness the constituents of the offense.' Ex parte Allred, 393 So.2d 1030, 1032 (Ala.1980). See also Barbee v. State, 417 So.2d 611 (Ala.Cr.App.1982). In determining the sufficiency of an indictment substantially following the language of the statute, `the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the same offense.'"
Copeland v. State, 456 So.2d 1150, 1151 (Ala.Crim.App.1984) (citations omitted).
This appellant's indictment charged him with having sexual intercourse with the prosecutrix by forcible compulsion. Thus, the indictment was sufficient to inform the appellant of the charge against him. Copeland.
For the reasons herein stated, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.
PATTERSON, J., concurs in result only.