KELLUM, Judge.
 

 The State of Alabama appeals from the circuit court’s dismissal of one count of a two-count indictment. See Rule 15.7, Ala. R.Crim. P. Oran Leslie Alexander was indicted on October 10, 2008, by a Montgomery County grand jury for one count of fraudulent use of a debit card, a violation of § 13A-9-14(b), Ala.Code 1975, and one count of theft of property in the second degree, a violation of § 13A-8-4, Ala.Code 1975. Count II of the indictment, charging Alexander with theft of property in the second degree, provided:
 

 “Oran Leslie Alexander, alias, ... whose name is otherwise unknown to the Grand Jury, did knowingly obtain or exert unauthorized control over a debit card, a better description of which is unknown to the Grand Jury, the property of Sean Thorn, of some value in excess of $500.00 dollars, with the intent to deprive the owner of the property, in violation of section 13A-8-4 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
 

 On December 9, 2008, Alexander appeared before the circuit court to plead guilty to the offenses charged in the indictment and to enroll in the pretrial-diversion program. During the guilty-plea proceedings, the State averred that the evidence would show that Alexander purchased less than $500 worth of gasoline using his roommate’s debit card without the roommate’s permission. After the State offered a factual basis for the second count of the indictment, defense counsel moved for the dismissal of the charge of theft of property in the second degree on the ground that the indictment misstated the value of the property by stating “some value in excess of $500.00 dollars.” Defense counsel argued that the amount of goods purchased on the victim’s debit card actually totaled less than $500. The circuit court subsequently dismissed the second count of the indictment charging Alexander with theft of property in the second degree, finding
 
 *492
 
 the second count of the indictment “faulty.”
 

 The State contends on appeal that the circuit court erred in dismissing the second count of the complaint charging Alexander with theft of property in the second degree because, it argues, the alleged dollar value for the debit card that appeared in the indictment was mere surplusage and did not prejudice Alexander. Alexander concedes that the State’s contention is correct.
 

 Alexander’s case involves only issues of law and the application of the law to the undisputed facts. Thus, our review is de novo. See, e.g.,
 
 Ex parte Key,
 
 890 So.2d 1056, 1059 (Ala.2003);
 
 State v. Hill,
 
 690 So.2d 1201, 1203-04 (Ala.1996);
 
 State v. Otwell,
 
 733 So.2d 950, 952 (Ala.Crim.App.1999).
 

 Alexander was charged in Count II of the indictment with theft of property in the second degree as defined in § 13A-8-4; that Code section provides, in pertinent part, as follows:
 

 “(a) The theft of property which exceeds five hundred dollars ($500) in value but does not exceed two thousand five hundred dollars ($2,500) in value, and which is not taken from the person of another, constitutes theft of property in the second degree.
 

 [[Image here]]
 

 “(c) The theft of a credit card or a debit card, regardless of its value, constitutes theft of property in the second degree.”
 

 § 13A-8-4, Ala. Code 1975.
 

 The State acknowledges that the inclusion of the allegation that the amount charged to the debit card in excess of $500 was incorrect. However, the State argues that the inclusion of that language does not warrant the dismissal of count II of the indictment. We agree.
 

 Rule 13.2(d), Ala. R.Crim. P., states that “[unnecessary allegations [in an indictment] may be disregarded as surplus-age, and, on motion of the defendant, shall be stricken by the court if prejudicial or prolix.” This Court has repeatedly recognized that “ ‘unnecessary averments in an indictment do not impair its validity, although they may hold the prosecution to proof of them.’ ”
 
 Rogers v. State,
 
 539 So.2d 451, 453 (Ala.Crim.App.1988) (quoting
 
 Johnson v. State,
 
 405 So.2d 149, 153 (Ala.Crim.App.1981)). “‘As long as the remaining portions of the indictment validly charge a crime, the existence of surplus-age in the indictment will not effect the validity of the conviction.’ ”
 
 Rogers,
 
 539 So.2d at 453 (quoting
 
 Johnson,
 
 405 So.2d at 153).
 

 In
 
 Johnson v. State,
 
 460 So.2d 244 (Ala.Crim.App.1984), the defendant was convicted of robbery in the first degree. On appeal, he challenged, among other things, the indictment, arguing that it was so unclear that it did not sufficiently apprise him of what he was being called upon to defend. 460 So.2d at 247. The indictment charged that the defendant “
 
 ‘did in the course of committing a theft of cigarettes, the specific determination(s) of said currency being unknown to the Grand Junj,
 
 of the approximate aggregate value of one hundred eight four dollars ($184.00)....’”
 
 Johnson,
 
 460 So.2d at 247. The defendant argued that the reference to the theft of cigarettes followed by a statement that the “specific denomination of said currency” raised the question of whether he was being charged with theft of cigarettes or theft of money.
 
 Id.
 
 Recognizing that the language in the indictment was faulty, this Court held that the objectionable portion of the indictment was immaterial in a charge of robbery. This Court concluded that, excluding the faulty language, so long as the remaining portions of the indictment were valid, the existence of the sur-
 
 *493
 
 plusage in the indictment did not affect the validity of the conviction. 460 So.2d at 247.
 

 In the instant case, the inclusion in the indictment of the statement “of some value in excess of $500.00 dollars” was mere surplusage, given the remaining allegations contained in the indictment. The indictment alleged that Alexander obtained or exerted unauthorized control over a debit card with the intent to deprive the owner of the property. This allegation alone is sufficient under § 13A-8-4(c) to sustain the charge of theft of property in the second degree. Further, Alexander was not prejudiced by the inclusion of the surplusage in the indictment.
 

 Based on the foregoing, the circuit court erroneously granted Alexander’s motion to dismiss the second count of the indictment. Accordingly, we reverse the circuit court’s judgment and remand this case for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.