FRY, Judge.
The appellant, P.M.M.,[1] was convicted of second-degree rape, a violation of § 13A-6-62, Ala.Code 1976, first-degree sexual abuse, a violation of § 13A-6-6, Ala.Code 1975, and three counts of first-degree sodomy, a violation of § 13A-6-63, Ala.Code 1975. For each sodomy conviction, P.M.M. was sentenced to 50 years’ imprisonment. For the rape conviction, P.M.M. was sentenced to 15 years’ imprisonment. Additionally, for the sexual abuse conviction, P.M.M. was sentenced to 10 years’ imprisonment. The trial court ordered that the sentences be served consecutively.
P.M.M. maintains that the trial court erred in granting the state’s motion to close the courtroom to the public. Specifically, he argues that the denial of a public trial violated his rights under Article 1, § 6, of the Alabama Constitution of 1901, and under the Sixth Amendment to the United States Constitution.
In this case, the state moved to close the courtroom and requested that nonessential' personnel be excluded from the proceedings. The defense objected to the removal of family and friends of P.M.M., and stated that P.M.M. was constitutionally entitled to a public hearing. The trial court overruled P.M.M.’s objection and granted the state’s motion to close the courtroom to all nonessential personnel. The trial court determined the following:
“I don’t think that we’re denying [P.M.M.] the right to a public trial. He is having a trial before his peers of a duly selected jury but I don’t think, because of the sensitive nature of and the ages of the children, that it would serve any purpose for members of the general public to sit in and observe it.”
(R. 14.) After the close of the state’s case, the following transpired:
“MR. DRAKE [defense counsel]: Previous to the taking of testimony of this trial, I had reports that there were numerous family members of the [victims] and the defendant’s who wished to be present during the trial. At this point, since they have been excluded, they are not present. I noticed that the State has brought their witnesses and so forth. I would cite to the Court that their presence here is undue force or is prejudicial to the defendant since he has no one sitting in this Court and the State has numerous individuals here present before the jury, we would cite to the court that it is fundamentally unfair.
“THE COURT: Motion denied. Objection denied. The testimony is over and that has been the course and practice throughout the years as to when the testimony is over, at the closing argu *386 ment stage, everyone is allowed to come in.”
(R. 513.)
The state asserts that this issue was not preserved. However, our review of the record indicates that P.M.M. preserved this issue for review. The state cites Ex parte Judd, 694 So.2d 1294 (Ala.1997), as its authority stating that one seeking to appeal from the granting of a motion to close proceedings to the public has the burden of preserving “for the record the proceedings on the motion to close the courtroom, the considerations that led to the closure of the courtroom, [and] whether the courtroom remained closed after the victim’s testimony.” 694 So.2d at 1297. In this case, the proceedings on the motion, to close the courtroom and the trial court’s reasoning that the nature of the case and the ages of the children required the closure of the courtroom were, in fact, contained in the record on appeal. Additionally, the record indicates that the courtroom remained closed to P.M.M.’s and the victims’ Mends and relatives from the beginning of trial until the closing arguments. Thus, the P.M.M. satisfied his burden of providing this Court with an adequate record. See Ex parte Judd, 694 So.2d at 1297, citing Montgomery v. State, 504 So.2d 370, 372 (Ala.Cr.App.1987).
Next, we address whether the P.M.M.’s constitutional right to a public trial was violated.
Article I, § 6, Ala. Const.1901, guarantees that “in all criminal prosecutions, the accused has a right to ... a speedy, public trial.” The Sixth Amendment to the United States Constitution states, in pertinent part, “In all criminal prosecutions, the accused shall enjoy the right to a public and speedy trial.”
Section 12-21-202, Ala.Code 1975, states:
“In all prosecutions for rape and assault with intent to ravish, the court may, in its own discretion, exclude from the courtroom all persons, except such as may be necessary in the. conduct of the trial; and, in all other cases where the evidence is vulgar, obscene or relates to the improper acts of the sexes and tends to debauch the morals of the young, the presiding judge shall have the right, by and with consent and agreement of the defendant, in his discretion and on his own motion, or on the motion of the plaintiffs or defendants or their attorneys, to hear and try the said case after clearing the courtroom of all or any portion of the audience whose presence is not necessary.”
In Ex parte Judd, 694 So.2d 1294 (Ala.1997), this Court stated:
“In construing the Sixth Amendment to the United States Constitution, the United States Supreme Court has recognized a ‘balance of interests’ to be applied in determining the extent of the right to an open trial:
“ ‘[T]he Court has made clear that the right to an open trial may give way in certain cases to other rights or interests, such as the defendant’s right to a fair trial or the government’s interest in inhibiting disclosure of sensitive information. Such circumstances will .be rare, however, and the balance of interests must be struck with special care.’
“Waller v. Georgia, 467 U.S. 39, 45, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984). The Waller Court stated the test for a proper courtroom closure as follows:
“ ‘[1] [T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure.’
“467 U.S. at 48, 104 S.Ct. at 2216.”
694 So.2d at 1295.
Additionally, in Ex parte Judd, the Supreme Court of Alabama stated:
*387 “We further hold that the interpretation of the Supreme Court of the United States in Waller v. Georgia is not inconsistent with the provisions of Article 1, § 6, of the Alabama Constitution of 1901, and we adopt the Waller v. Georgia test for determining when a courtroom, in cases of rape or assault with intent to ravish, can be closed without violating a defendant’s constitutional right to a public trial. We hold, therefore, that a trial court has discretion under the provisions of § 12-21-202, in the proper circumstances, ... to limit access to the courtroom if there is a showing of substantial need to exclude some spectators. We toould caution, however, that a total closure of the courtroom can be justified only in the narrowest of circumstances, as stated in Waller, supra. In most cases, a partial closure will ordinarily allow as spectators members of the press, the defendant’s family, the victim’s family, and similar persons whose presence is necessary to protect against secret trials or to protect other interests at stake.”
694 So.2d at 1297. (Emphasis added.)
The question whether closure is proper is ultimately a constitutional one. See Ex parte Judd. See also State v. Morin, [No. C4-98-2093, September 14, 1999] (Minn.App.1999) (unpublished) (the partial closure of the courtroom was proper where, in addition to satisfying requirements of a state statute, the trial court satisfied the Waller requirements by reviewing psychological records and videotaped interviews, hearing comments from the victims, determining that the well-being of the child was an overriding interest, and finding no reasonable alternative other than to close the courtroom during the victim’s testimony).
A trial court’s determination concerning the attendance of spectators in the courtroom will not be disturbed on appeal in the absence of an abuse of discretion. See Lehr v. State, 398 So.2d 791 (Ala.Cr.App.1981).
The trial court in this case closed the courtroom during the testimony of all of the witnesses. During the trial, the three victims testified initially, and then several counselors, Department of Human Resources employees, Child Advocacy Center employees, an aunt of the victims, P.M.M.’s preacher, a Cullman County Sheriffs Department investigator, P.M.M.’s daughter, and P.M.M. testified. The record indicates that the prosecution moved for a complete closure during the testimony of all of the witnesses based on the “nature of the testimony and the age of the children,” and did not state what portion of the testimony to be presented at trial would be particularly harmful to children.[2] (R. 11.) Thus, the sole reason cited by the trial court for the complete closure of the courtroom was the “sensitive nature of [the case] and the ages of the children.” (R. 613.)
“As a result [of the prosecution’s general proffer], the trial court’s findings were broad and general, and did not purport to justify the closure of the entire [proceeding], The court did not consider alternatives to immediate closure of the entire [proceeding]: directing the government to provide more detail about its need for closure, in camera if necessary, and closing only those parts of the [proceeding] that jeopardized the interests advanced.”
Waller v. Georgia, 467 U.S. at 48-49, 104 S.Ct. at 2216-17. The courtroom was closed to all spectators, including P.M.M.’s family and friends, during the testimony of all of the witnesses, and the record does not support a finding that the trial court engaged in the careful balancing of interests as required by Waller v. Georgia; therefore, the closure appears to be broad *388 er than..necessary.’. Thus, the trial court abused its discretion in closing the courtroom during all of the witnesses’ testimony.
We recognize that the state has a compelling interest in protecting the physical and psychological well-being of child victims of sex crimes, and that, in certain circumstances, it is necessary and constitutionally permissible to permit a partial or a complete closure of the courtroom where a trial involving a child victim is being held. However, the party seeking to close the courtroom and the trial court must meet the standards set forth in Waller. See Ex parte Judd. In this case, the trial court did not make the requisite case-specific findings necessary to justify a total closure of the courtroom to the public. We do not hold, however, that a closure of the courtroom during some or all of the witnesses’s testimony would not be proper upon a full evaluation by the trial court of the pertinent factors and interests.
While we are reluctant to reverse the judgment in this case because of the nature of the offenses and the compelling evidence presented, the denial of a public trial is a “structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.” Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302, 331 (1991). A new trial, rather than a remand to supplement the record, is the proper remedy. In reaching this result, we rely heavily on Waller, wherein the United States Supreme Court recognized that while the “benefits of a public trial are frequently intangible, difficult to prove, or a matter of chance, the Framers plainly thought them nonetheless real,” 467 U.S. at 49 n. 9, 104 S.Ct. at 2217 n. 9, 81 L.Ed.2d at 40 n. 9, and stated that “the defendant should not be required to prove specific prejudice in order to obtain relief for a violation of the public-trial guarantee,” 467 U.S. at 49, 104 S.Ct. at 2217, 81 L.Ed.2d at 40. This result is consistent with that reached by other courts that have considered the issue. E.g., Carter v. State, 356 Md. 207, 738 A.2d 871 (1999); Williams v. State, 736 So.2d 699, 704 (Fla.App.1999); Commonwealth v. Martin, 417 Mass. 187, 629 N.E.2d 297, 302 (Mass.1994); State v. McRae, 494 N.W.2d 252, 260 (Minn.1992); Mason v. Schriver, 14 F.Supp.2d 321, 325 (S.D.N.Y. 1998); People v. Holveck, 171 Ill.App.3d 38, 121 Ill.Dec. 25, 524 N.E.2d 1073, 1085 (1988).
Because we must reverse the trial court’s judgment based on this issue, we express no opinion on the other issues raised by P.M.M. “Our decision not to address [the merits of] the remaining issues raised by the appellant should not be construed as an approval of the manner in which the trial was conducted in regard to those issues.’ ” Phillips v. State, 726 So.2d 292, 295 (Ala.Cr.App.1998), quoting Fletcher v. State, 621 So.2d 1010, 1024 (Ala.Cr.App.1993).
P.M.M.’s convictions are due to be reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

. Because the appellant is a relative of the victims of the sexual offenses, and because disclosure of his name and relationship to the victims would disclose the victims' identities, this Court will refer to the appellant as "P.M.M.” Rule 52, Ala.R.App.P.

. Although the ages of the children were not discussed during the hearing on the motion to close the courtroom, testimony at trial indicated that the victims were 15, 12, and 10 years old.